IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00520-BNB

SAMMIE LEE DENSON, JR.,

    Applicant,

v.

WARDEN JAMES E. ABBOTT, C.T.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 16 2008

GREGORY C. LANGHAM
                CLERK

## ORDER TO FILE PRE-ANSWER RESPONSE

Applicant, Sammie Lee Denson, Jr., is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary at Cañon City, Colorado. Mr. Denson has filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Denson asserts twenty-two claims for relief challenging the validity of his state court criminal conviction case number 93-CR-0354 in the El Paso County District Court.

I must construe the application liberally because Mr. Denson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Respondents are ordered to file a Pre-Answer Response limited to addressing the issues of the one-year limitation period applicable under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1).

Mr. Denson alleges that the judgment of conviction in his criminal case was entered on August 20, 1993. He further alleges that his direct appeal from the judgment of conviction concluded on March 7, 1996, when the Colorado Supreme Court denied his petition for writ of certiorari. Mr. Denson also alleges that he has filed four postconviction motions in the Colorado state courts challenging the validity of his conviction and sentence. He contends that the first state court postconviction motion was filed in July 1999.

Based on Mr. Denson's allegations that his conviction became final in 1996 and that he did not file his first state court postconviction motion until 1999, it appears that the instant action may be barred by the one-year limitation period. In addition, given the multiple postconviction motions Mr. Denson alleges he has filed in state court, it is not clear whether he has exhausted state court remedies for each of the twenty-two claims for relief he raises.

Historically, as part of my review of habeas corpus cases pursuant to local rule of practice 8.2C, D.C.COLO.LCivR, I ordered applicants in habeas corpus actions to show cause why the applications should not be denied as time-barred or for failure to exhaust state court remedies if either or both of those affirmative defenses appeared to be relevant based on the allegations in the applications. In *Kilgore v. Attorney General*, – F.3d –, No. 07-1014, 2008 WL 638727 (10th Cir. Mar. 11, 2008), however, the United States Court of Appeals for the Tenth Circuit determined that this approach was not appropriate in every case because the general rule in civil cases is that affirmative defenses must be raised by the respondent. Therefore, and consistent with the requirements of *Kilgore*, rather than ordering the applicant in a habeas corpus case to

show cause why the application should not be denied, I have entered this order pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts directing Respondents to file a Pre-Answer Response limited to the affirmative defenses of the one-year limitation period and exhaustion of state court remedies. Rule 4 authorizes a judge, if an application is not dismissed summarily, to "order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." I find that a Pre-Answer Response is appropriate at this stage of the proceedings rather than a full answer pursuant to Rule 5 of the Section 2254 Rules.

Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). If Respondents do not intend to raise either of these affirmative defenses, they must notify the Court of that decision in the Pre-Answer Response. Respondents may not file a dispositive motion as their Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d)

and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court. Accordingly, it is

ORDERED that **within twenty (20) days from the date of this Order** Respondents shall file a Pre-Answer Response that complies with this Order. It is

FURTHER ORDERED that **within twenty (20) days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, they must notify the Court of that decision in the Pre-Answer Response.

DATED April 14, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00520-BNB

Sammie Lee Denson, Jr.
Prisoner No. 81932
CSP - Unit A-2-25
PO Box 777
Cañon City, CO 81215- 0777

Warden James E. Abbott
c/o Cathie Holst
Colorado Department of Corrections
Office of Legal Affairs
**DELIVERED ELECTRONICALLY**

John Suthers, Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

Paul Sanzo, Asst. Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**
**COURTESY COPY**

    I hereby certify that I have mailed a copy of the ORDER to the above-named individuals, and the following forms to Cathie Holst for service of process on James E. Abbott; and to John Suthers: APPLICATION FOR WRIT OF HABEAS CORPUS FILED 03/13/08 on 4/16/08 .

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk