IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00520-BNB

SAMMIE LEE DENSON, JR.,

Applicant,

v.

WARDEN JAMES E. ABBOTT, C.T.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 16 2008

GREGORY C. LANGHAM
CLERK

___

ORDER OF DISMISSAL

___

Applicant Sammie Lee Denson is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary at Cañon City, Colorado. Mr. Denson initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in El Paso County District Court case number 93CR354. In an order filed on April 16, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 5, 2008, Respondents filed their Pre-Answer Response. On May 22, 2008, Mr. Denson filed a reply to the Pre-Answer Response. On May 23, 2008, Mr. Denson filed an identical copy of his reply.

The Court must construe the application and other papers filed by Mr. Denson liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Denson was convicted in 1993 and he is serving a life sentence. His direct appeal from the judgment of conviction concluded on March 7, 1996, when the Colorado Supreme Court denied his petition for writ of certiorari. Mr. Denson alleges that he has filed four postconviction motions in the Colorado state courts challenging the validity of his conviction and sentence. He contends that the first state court postconviction motion was filed in July 1999. The Court received the instant action for filing on March 5, 2008. Mr. Denson asserts twenty-one claims for relief.

Respondents first argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

2

> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

Mr. Denson's conviction became final when the time for seeking review in the United States Supreme Court on direct appeal expired because he does not allege that he sought review in the United States Supreme Court. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Pursuant to Rule 13 of the Rules of the Supreme Court of the United States, Mr. Denson had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on March 7, 1996. Therefore, the Court finds that the judgment of conviction became final on June 5, 1996.

The Court also finds that the one-year limitation period began to run on June 5, 1996, because Mr. Denson does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims that challenge the validity of his conviction and sentence before his conviction

3

became final. Mr. Denson does assert a number of claims that relate to postconviction proceedings that obviously were not known to him before his conviction became final. However, Mr. Denson's claims that relate to the postconviction proceedings do not state a cognizable federal constitutional claim and may not be raised in this action because there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Mr. Denson does not dispute the facts that his conviction became final in June 1996 and that his first state court postconviction motion was not filed until July 1999. However, he argues that this action should not be dismissed as time-barred because the attorneys appointed by the state to represent him after his conviction became final failed to file a timely federal habeas corpus application and failed to advise him of the time limitation for filing a federal habeas corpus application. Mr. Denson also argues that this action should not be dismissed as time-barred because he is actually innocent. The Court will consider these arguments in the context of equitable tolling.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances

4

beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Denson bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Denson's first argument for equitable tolling lacks merit. The failure of the attorneys appointed to represent Mr. Denson after his conviction became final to file a timely federal habeas corpus application or to advise him of the time limitation for filing a federal habeas corpus application cannot justify equitable tolling of the one-year limitation period because there is no federal constitutional right to postconviction review in the state courts or to the assistance of counsel in postconviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987).

Mr. Denson's claim of actual innocence also does not justify equitable tolling of the one-year limitation period. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate actual innocence, Mr. Denson first must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

5

evidence–that was not presented at trial." *Id.* Mr. Denson then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Denson fails to present any new evidence in support of his argument that he actually is innocent. Therefore, the Court finds that Mr. Denson fails to demonstrate this is one of those extremely rare cases in which a constitutional error has caused the conviction of an innocent person.

For these reasons, the Court finds that Mr. Denson fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss this action as time-barred, the Court need not consider Respondents' alternative argument that some of Mr. Denson's claims are not exhausted. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 12 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-00520-BNB

Sammie Lee Denson
Reg. No. 81932
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/16/8

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk